**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4666**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HILARIO G. HERRERA, a/k/a Hilario
Gutierrez-Herrera, a/k/a Hilario
G. Herrera,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CR-04-493)

Submitted: June 21, 2006          Decided: August 23, 2006

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John O. Iweanoge, Jr., THE IWEANOGES' FIRM, P.C., Washington, D.C., for Appellant. Paul J. McNulty, United States Attorney, Patricia T. Giles, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Hilario G. Herrera of conspiring to transport illegal aliens (Count 1) and transporting illegal aliens (Count 2), in violation of 8 U.S.C.A. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I) (West 2005 & Supp. 2006). The district court sentenced Herrera on June 17, 2005, to a twenty-four-month term of imprisonment. On appeal, Herrera challenges his convictions and sentence, asserting that the evidence was insufficient to convict him, that the district court erred by refusing to allow him to impeach his own witness and to give requested jury instructions, and that his sentence violates the Sixth Amendment. We affirm.

Herrera first asserts that the evidence was insufficient to convict him because there was no evidence of an agreement and because he did not know the passengers were illegal aliens. Thus, he contends that the district court erred by denying his motion for judgment of acquittal under Fed. R. Crim. P. 29.

This court reviews the district court's decision to deny a Rule 29 motion de novo. United States v. Uzenski, 434 F.3d 690, 700 (4th Cir. 2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We have reviewed the trial

transcript and are convinced that the evidence was sufficient to convict Herrera on both counts.

Next, Herrera asserts that the district court erred by failing to give jury instructions on mistake of fact and multiple conspiracies. Our review of the joint appendix leads us to conclude that the district court did not abuse its discretion by refusing to give the requested instructions. See United States v. Ebersole, 411 F.3d 517, 526 (4th Cir. 2005) (stating standard of review), cert. denied, 126 S. Ct. 1142 (2006).

Herrera also asserts that the district court erred by refusing to allow him to impeach a defense witness with a prior inconsistent statement. Although the credibility of a witness may be attacked by the party calling that witness, see Fed. R. Evid. 607, our review of the trial testimony convinces us that the probative value of the impeachment testimony was substantially outweighed by its prejudicial effect. See United States v. Ince, 21 F.3d 576, 579-80 (4th Cir. 1994). Thus, the district court did not abuse its discretion in excluding the testimony. See United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (stating standard of review).

Finally, citing United States v. Booker, 543 U.S. 220 (2005), Herrera contends that his sentence violates the Sixth Amendment because the district court sentenced him under a mandatory sentencing guidelines scheme and applied enhancements for

- 3 -

the number of aliens involved in the offense and for obstruction of justice that were not based on facts found by the jury.  However, Herrera was sentenced after the Supreme Court decided <u>Booker</u>. Because Herrera provided no evidence that the district court failed to follow <u>Booker</u>, we reject this claim.

Accordingly, we affirm Herrera's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>